JOHN L. BURRIS (SBN 69888)
BENJAMIN NISENBAUM (SBN 222173)
JAMES A. COOK (SBN 300212)
**BURRIS NISENBAUM & CURRY LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
John.burris@bncllaw.com
Ben.nisenbaum@bncllaw.com
James.cook@bncllaw.com

Attorneys for Plaintiffs
LESLIE MARTIN and DOUGLAS MARTIN, individually and as
co-successors-in-interest to decedent Douglas Matthew Baranco Martin

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LESLIE MARTIN, individually and as co-successor-in-interest to decedent Douglas Matthew Baranco Martin, DOUGLAS MARTIN, individually and as co-successor-in-interest to decedent Douglas Matthew Baranco Martin<br><br>          Plaintiffs,<br>     vs.<br><br>CITY OF OAKLAND, a public entity; Oakland Police Officer RIRYON MACHADO, in his individual and official capacities; Oakland Police Officer JUSTIN BERMUDEZ, in his individual and official capacities; Oakland Police Officer BRADLEY POTTS, in his individual and official capacities; Oakland Police Officer ANDERSON KITTS, in his individual and official capacities; Oakland Police Sgt. M. SMITH, in his individual and official capacities; | Case No.: _____<br><br>COMPLAINT FOR DAMAGES<br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

1

FALCK USA, INC., the Parent of Falck Northern California Corp.; FALCK NORTHERN CALIFORNIA CORP., a wholly-owned subsidiary of Falck USA, Inc., and DOES 1-50, individually, jointly, and severally,

Defendants.

## INTRODUCTION

1.      This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under California Civil Code Section § 52.1, and under the common law of California.

## JURISDICTION AND VENUE

2.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Oakland, California, which is within the judicial district of this Court. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, to hear and decide claims arising under state law.

3.   Venue is proper in this Court under  28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

4.      **Plaintiff LESLIE MARTIN** is the mother of decedent Douglas Matthew Baranco Martin Plaintiff is a resident of the State of California. Plaintiff brings these claims individually for wrongful death and violation of her personal rights, and as co-successor in interest for

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

2

her son, Decedent Douglas Matthew Baranco Martin., asserting survival claims for Douglas Matthew Baranco Martin. She brings these claims under state and federal law.

5. **Plaintiff DOUGLAS MARTIN** is the father of decedent Douglas Matthew Baranco Martin Jr. Plaintiff is a resident of the State of California. Plaintiff brings these claims individually for wrongful death and violation of his personal rights, and as co-successor in interest for his son, Decedent Douglas Matthew Baranco Martin, asserting survival claims for Douglas Martin. He brings these claims under state and federal law.

6. **Defendant CITY OF OAKLAND** ("CITY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Oakland Police Department ("OPD") which employs the officer defendants in this action.

7. **Defendant RIRYON MACHADO**, at all material times, was employed as a police officer at OPD and was acting within the course and scope of that employment. He is being sued in his individual and official capacities.

8. **Defendant R. JUSTIN BERMUDEZ**, at all material times, was employed as a police officer at OPD and was acting within the course and scope of that employment. He is being sued in his individual and official capacities.

9. **Defendant BRADLEY POTTS,** at all material times, was employed as a police officer at OPD and was acting within the course and scope of that employment. He is being sued in his individual and official capacities.

10. **Defendant ANDERSON KITTS**, at all material times, was employed as a police officer at OPD and was acting within the course and scope of that employment. He is being sued in his individual and official capacities.

11. **Defendant M. SMITH**, at all material times, was employed as a police sergeant at OPD and was acting within the course and scope of that employment. He is being sued in his individual and official capacities.

12. **Defendant FALCK USA, INC.,** is a Delaware corporation with its principal business

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

3

address at 1517 West Braden Court, Orange, California 92868. Defendant Falck USA, Inc. is the parent of Defendant Falck Northern California Corp (FALCK NORCAL).

13. Defendant FALCK USA, INC. is a corporate entity that employed paramedics, including those who assisted CITY OF OAKLAND police officers in detaining and arresting decedent Martin. FALCK USA, INC., was also in charge of company policies and rules regarding their paramedics and technicians.

14. **Defendant FALCK NORTHERN CALIFORNIA CORP**. (FALCK NORCAL) is a Delaware corporation with its principal business address at 2190 South McDowell Boulevard, Petaluma, California 94954. Defendant Falck NorCal is a 9-1-1 first response provider servicing Sonoma, Mendocino, Napa, Alameda, Contra Costa, Santa Clara, Santa Cruz, San Mateo, and San Francisco Counties and the surrounding Sacramento area. Defendant Falck NorCal is part of Falck California, the West Coast division of Defendant Falck USA.

15. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50 inclusive. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50, inclusive, are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 50, inclusive, when they have been ascertained.

### FACTUAL ALLEGATIONS

16. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

4

Plaintiffs and Decedent. Further, one or more DOE defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOES 1-50.

17.    Plaintiffs are informed and believe, and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

18.    At all material times, each Defendant was jointly engaged in tortious activity, and was fundamentally involved in, and an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiffs' and Decedent's constitutional rights and other harm.

19.    The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of Defendant CITY.

20.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

## ADMINISTRATIVE PREREQUISITES

21.    Plaintiffs timely and properly filed a tort claim pursuant to Cal. Gov. Code § 910 et. seq., and this action is timely filed within all applicable statutes of limitation. Plaintiffs filed a claim against the City of Oakland on April 10, 2026.

22.    This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

23.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

24.    The incident took place on October 18, 2025, at approximately 4:00 A.M. The

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

location was 11115 Ettrick Street in Oakland CA, 94605. Oakland Police Department Officers used excessive force to subdue decedent Douglas Matthew Baranco Martin and that force was a substantial factor in causing decedent Martin's death.

25.     On the date of the incident, Martin was experiencing a mental health crisis, and Plaintiff Leslie Martin, decedent Martin's mother, called paramedics. Decedent Martin then fled and hid in a neighbor's house two doors away. Oakland Police officers responded and found him in the basement of the residence at 11115 Ettrick Street. After a brief struggle, defendant police officers physically restrained him. During the restraint, decedent Martin was placed face down while one or more officers pressed on his back. After a period of time, defendant Officers turned him onto his side. When they did so decedent Martin was unresponsive seemingly unconscious; However, the defendant officers initially believed he was sleeping or pretending to be sleep. When decedent Martin remained unresponsive, an officer requested medical assistance. Plaintiffs are informed and believe that decedent Martin did not receive immediate medical attention. Falck paramedics arrived over 15 minutes after the call for service and, and when they arrived, did not promptly provide medical care.

26.     Plaintiffs allege, on information and belief, that Decedent Martin died from restraint asphyxia caused by Oakland police officers and the FALCK NORCAL paramedics' failure to provide timely medical care.

### DAMAGES

27.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

28.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, to the extent permitted and pled by the various legal claims set forth below, Plaintiffs sustained the following injuries and damages, past and future, among others:

- Wrongful death of DOUGLAS MATTHEW BARANCO MARTIN, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

- Hospital and medical expenses (Survival claims by Plaintiffs LESLIE MARTIN AND DOUGLAS MARTIN);

- Coroner's fees, funeral, and burial expenses (Survival claims by Plaintiffs LESLIE MARTIN AND DOUGLAS MARTIN);

- Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

- Plaintiffs' emotional distress and loss of familial relations [individual familial association claims];

- Violation of DOUGLAS MATTHEW BARANCO MARTIN'S constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq. and federal civil rights law;

- DOUGLAS MATTHEW BARANCO MARTIN'S loss of life, pursuant to federal civil rights law;

- DOUGLAS MATTHEW BARANCO MARTIN'S conscious pain and suffering, pursuant to federal civil rights law;

- All damages, penalties, treble damages, attorneys' fees, and costs recoverable under 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. § 12132 and 28 C.F.R. §35, et seq., 29 U.S.C. § 794, et seq. ; Cal Civil Code §§ 52 and 52.1 et seq., Cal. Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**PLAINTIFFS AGAINST Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50**

29.     Plaintiffs hereby reallege each and every paragraph in this complaint as if fully set forth here.

30.     The foregoing claim for relief arose in Decedent Douglas Matthew Baranco Martin's favor and Decedent Douglas Matthew Baranco Martin would have been the Plaintiff with respect to this claim if he had survived.

31.     By the actions and omissions described above, Defendants RIRYON MACHADO,

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50 violated 42 USC § 1983, depriving Decedent of the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to the U.S. Constitution:

    a. Decedent Martin's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment (survival and wrongful death claims)

    b. Decedent Martin's right to be free from excessive and unreasonable force during a seizure, including the use of unlawful deadly force, as secured by the Fourth Amendment (survival and wrongful death claims).

    c. Loss of familial relationship as provided in the 14th amendment.

32. Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50 subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

33. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 27, above.

34. The conduct of Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50 warrants punitive damages and penalties under 42 U.S.C. § 1983 and California law.

35. Plaintiffs are entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. §1988 and applicable federal and California law.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**(Violation of the Fourteenth Amendment of the U.S. Constitution –**
**Denial of Medical Care)**
**(PLAINTIFFS AGAINST All DEFENDANTS and DOES 1-50)**

36. Plaintiffs hereby reallege each and every paragraph in this complaint as if fully set

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

forth here.

37. As set forth above, Decedent Douglas Matthew Baranco Martin was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and County of Alameda, which rights include, but are not limited to, privileges and immunities secured to Decedent by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of Decedent. Defendants knew or should have known that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, contributing to decedent Martin's death. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Decedent.

38. Defendants knew or had reason to know that Decedent needed medical treatment. Defendant officers used unreasonable force, while Defendants **FALCK NORCAL** unreasonably did not promptly respond to the call for service and, upon arrival, did not provide timely paramedic services care. Defendants' conduct was a substantial factor in Mr. Martin's death.

### THIRD CAUSE OF ACTION
**(42 U.S.C. §1983, Loss of Familial Relationship - 14th Amendment)**
**PLAINTIFFS, individually AGAINST All Defendants and DOES 1-10**

39. Plaintiffs hereby reallege each and every paragraph in this complaint as if fully set forth here.

40. As a direct result of Defendants' acts and omissions under color of law, including their deliberate indifference that caused Douglas Matthew Baranco Martin's death, Plaintiffs were deprived of their Fourteenth Amendment right to familial association with him. Each Plaintiff had a close, personal, and continuing relationship with Douglas Matthew Baranco Martin.

41. The deliberate indifference of the defendant officers and Falck staff to decedent Martin's medical needs for emergency medical care shocks the conscience. The Defendants' conduct caused decedent Martin's death and thereby deprived Plaintiffs of their right to a familial relationship with decedent Martin.

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

9

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)**
**PLAINTIFFS AGAINST DEFENDANTS RIRYON MACHADO, J.**
**BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH**
**and DOES 1-50, and CITY**

42.    Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

43.    The threat, intimidation, and coercion described herein were not necessary or inherent to any legitimate and lawful law enforcement activity.

44.    Further, the violations of duties and rights by Defendants RIRYON MACHADO, J. BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50, and coercive conduct described herein, were volitional acts.

45.    Defendant CITY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

46.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions, Plaintiffs (individually and for Decedent) sustained injuries and damages, and against each and every Plaintiff is entitled to relief as set forth above, including punitive damages against Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50, and including all damages and penalties allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys' fees, three times actual damages, and civil penalties.  Plaintiffs do not seek punitive damages against Defendant CITY.

**FIFTH CAUSE OF ACTION**
**(Wrongful Death – Negligence, (C.C.P. §§ 377.60 and 377.61)**
**PLAINTIFFS AGAINST ALL DEFENDANTS**

47.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

10

48.    At all times, Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, FALCK USA, INC., FALCK NORCAL and DOES 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

49.    At all times, Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, FALCK USA, INC., FALCK NORCAL and DOES 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

50.    These general duties of reasonable and due care are owed to Plaintiffs and Decedent By Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, FALCK USA, INC., FALCK NORCAL and DOES 1-50 include but are not limited to the following specific obligations:

      a.      to refrain from unlawfully seizing, detaining, and/or arresting Decedent MARTIN;

      b.      to refrain from using excessive and/or unreasonable force against Decedent MARTIN;

      c.      to refrain from unreasonably creating and escalating the situation where force, including but not limited to deadly force, was used;

      d.      to refrain from using unreasonable tactics that escalated the situation, created perceived danger, and led to the use of deadly force;

      e.      to refrain from abusing their authority granted them by law;

      f.      to refrain from the failure to provide timely medical treatment to Decedent;

      g.      to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

51.    Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants DOES 1-10, include but are not limited to the following specific obligations:

      a.      to properly hire, investigate, train, supervise, monitor, evaluate, and discipline the OPD officers under their command, including DOES 1-10, to ensure those officers act lawfully and in the public interest;

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

11

b.    to adopt, implement, and follow lawful policies, training, and customs consistent with accepted law enforcement standards and protective of Plaintiffs' and Decedent's rights;

c.    after learning of the officers' conduct that caused Decedent's death, to take appropriate steps to discipline or retrain the involved officers and to refrain from ratifying their misconduct or violations of accepted standards and law.

52.    Defendants, through their acts and omissions, breached each one of the aforementioned duties owed to Plaintiffs.

53.    Defendant CITY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

54.    As a direct and proximate result of Defendants' negligence, Plaintiffs and Decedent sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above, including punitive damages against Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50.

**SIXTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
**PLAINTIFFS AGAINST Defendants CITY, RIRYON MACHADO,**
**JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and**
**DOES 1-50**

55.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

56.    The actions and omissions of Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50 as set forth above constitute assault and battery.

57.    Defendant CITY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

58.    As a direct and proximate result of the assault and battery on decedent Martin by Defendants RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above, including punitive damages against Defendants RIRYON

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

12

MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50.

**SEVENTH CAUSE OF ACTION**
**(Violation of California Government Code § 845.6)**
**PLAINTIFFS AGAINST Defendants CITY, RIRYON MACHADO, JUSTIN BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50**

59.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

60.     Defendants' negligent actions and/or negligent failure to act proximately caused the death of decedent Martin.

61.     Defendants owed decedent Martin a duty of care under the Fourth and Fourteenth Amendments. They breached that duty by failing to detain him lawfully and reasonably, which resulted in his death.

62.     As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred expenses, in an amount according to proof at trial.

63.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs bring this action, and claim damages from said Defendants for the wrongful death of Decedent Martin and the resulting injuries and damages.

64.     Decedent Martin died in part due to collective negligence and intentional conduct by the Defendants.

65.     As legal cause of the aforementioned acts of Defendants RIRYON MACHADO, J. BERMUDEZ, BRADLEY POTTS, ANDERSON KITTS, M. SMITH, and DOES 1-50, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law.

66.     Plaintiffs are entitled to damages, penalties, costs, and attorney fees under California law as set forth above, and punitive damages pursuant to California Civil Code § 3294.

67.     Defendant CITY is vicariously liable for the violations of state law and conduct of

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

13

their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

**EIGHTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**PLAINTIFFS, AS CO- SUCCESSORS IN INTEREST, AGAINST ALL DEFENDANTS**

68.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs herein.

69.    Defendants' above-described conduct was extreme, unreasonable, and outrageous. Defendants' failure to perform their duties properly resulted in Decedent suffering emotional distress. Defendants knew, or should have known, their actions would cause emotional distress to Decedent.

70.    In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress. Ultimately, the defendant's collective conduct caused Decedent Martin to suffer extreme distress before his death.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly, and severally:

1.    For general damages according to proof;

2.    For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in sum to be determined according to proof;

3.    For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and DOES 1-50 and/or each of them.

4.    All other statutory damages allowed by law.

5.    For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.    For cost of suit herein incurred; and

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

14

7.    For such other and further relief as the Court deems just and proper.

Dated: June 23, 2026                           **BURRIS NISENBAUM &CURRY LLP**


John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

15